IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Complainant, | ) | |
| | ) | |
| vs. | ) | No. 23 CR 458 |
| | ) | |
| SEUNG HAN LIM, | ) | The Presiding Honorable |
| | ) | Franklin Valderrama, |
| Defendant, | ) | Judge Presiding. |
| | ) | |

**PRO SE DEFENDANT'S MOTION
ALLEGING PROSECUTORIAL MISCONDUCT**

Now comes Defendant SEUNG HAN LIM acting in a *pro se* capacity and files the

attached motion as self labeled above.   Said motion was transmitted to Standby Counsel via a

family member's email with the request that it be filed electronically.

> Ss//Seung Han Lim
> Pro Se Defendant

Marshal No. 75594-510
MCC/Chicago

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 23 CR 458 |
| | ) | |
| v. | ) | Judge Franklin U. Valderrama |
| | ) | |
| SEUNG HAN LIM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION FOR STRICT REVIEW OF PROSECUTORIAL MISCONDUCT
DURING THE GRAND JURY HEARING IN LIGHT OF THE
"BROADVIEW SIX CASE"**

Federal prosecutors in Chicago were recently found to have engaged in misconduct in the "Broadview Six Case."

Defendant respectfully requests that the Court immediately review Dr. David Fish's and Special Agent Dana Johnson's grand jury transcript and find blatant prosecutorial misconduct during these proceedings. The Court is required to review this incident and cannot merely state that this is a trial issue. The Court should also consider the recent incident of the Broadview Six Case, where federal prosecutors in Chicago were found to have engaged in misconduct during grand jury proceedings.

This is a matter of law, not a matter of fact. The government has possession of 2014 claims data from BCBSIL. See Dkt. 255. This claims data in the possession of the Defendant contains over 500 medical claims (evidence of rendered treatment including treatment date, place, and procedures performed) related to Dr. Lim, his family, and Vasily Yakovlev, submitted by Dr. David Fish during the year 2014. Moreover, Dr. Fish received payment for all of those treatments, and the exact amount of payment is also included in the 2014 claims data. This data was obtained by prosecutors and Special Agent Dana Johnson years before the grand jury testimony of Dr. Fish.

There is no dispute that the government, prior to the grand jury proceedings, knew of Dr. David Fish's planned false testimony, and the prosecutors participated in this fraud, as the 2014 claim data was

already in the government's possession. More specifically, Dr. David Fish testified that he never treated Dr. Lim, Dr. Lim's family, or Vasily Yakovlev during the year 2014, while he was in fact submitting all billing and claim submissions himself and asserting that Dr. Lim was not even involved in the practice at the time.

The government and Special Agent Dana Johnson, without dispute, knowingly misled the grand jury into believing that Dr. Fish did not treat those individuals while he was at Motu. This was done to portray Dr. Fish as an innocent party and successfully dissociate him from the alleged health care fraud, knowing this was false, as proven by the 2014 claim data in the government's possession. The evidence is clear: the prosecutors blatantly misled the grand jury while knowing Dr. Fish was giving false testimony.

Again, this is not an impeachment issue; this is an issue of tainted and blatant misconduct during grand jury proceedings led by U.S. Attorneys. In support, the recent incident in the Broadview Six Case, which significantly affects the credibility of U.S. Attorneys in Chicago and their long-standing reputation, requires close attention to the Defendant's case.

In addition, Hon. Judge April Perry dismissed all charges involved in the Broadview Six case due to prosecutorial misconduct and a subsequent cover-up by members of the U.S. Attorney's Office, and found serious defects in the indictment. The defendant expects the same standard from Hon. Judge Franklin U. Valderrama. The defendant's case is clearly supported by objective evidence and data showing that Dr. Fish falsely misled the grand jury, and the U.S. prosecutor indisputably knew that Dr. Fish made over 500 treatments regarding Dr. Lim, his family, and Vasilly during the year 2014, yet misled the grand jury to believe there was not a single medical treatment that occurred by Dr. Fish during the year 2014. At a minimum, the defendant respectfully requests that the Court review the 2014 claims data from the prosecutors and find that extraordinary prosecutorial misconduct occurred, and dismiss the case with prejudice, as there is no other remedy to cure the defective grand jury proceeding.

If the government knowingly were to have presented perjured testimony to the grand jury for the purpose of unfairly obtaining a true bill, then the validity of this indictment would be suspect. See United States v. Williams, 504 U.S. 36, 63, 118 S. Ct. 352, 112 S. Ct. 1735 (1992) (Stevens, Blackmun, O'Connor, and Thomas, JJ., dissenting). Dismissal, however, is an extreme sanction reserved for extreme malfeasance by the government. United States v. Geisler, 143 F.3d 1070, 1072 (7th Cir. 1998) (dismissal appropriate only if the violation substantially influenced the grand jury's decision or there is grave doubt whether the decision was free from substantial influence of the violations).

2

The defendant has satisfied the high bar for dismissal with objective and undisputable evidence that

the government possessed 2014 claims data at the time of Dr. Fish's grand jury testimony and that the prosecutors knowingly misled the grand jury into believing Dr. Fish never treated Dr. Lim, his family, and Vasily during the year 2014, when in fact the prosecutors knew that this was false based on objective 2014 claims data, which contained an extremely detailed level of evidence showing that Dr. Fish indeed rendered over 500 medical treatments to those individuals. (The claims data, again, contained a detailed treatment history of Dr. Fish's medical services to Dr. Lim, Dr. Lim's family, and Vasily.)

Lastly, Defendant cannot impeach the prosecutor at trial. If the prosecutor did not know Dr. Fish gave false testimony at the grand jury proceeding, then the court was correct that it becomes a trial issue, as it is the defendant's responsibility to impeach the witness. However, if the prosecutor knew Dr. Fish's testimony was false but still decided to mislead the grand jury for the sole purpose of obtaining the true bill against the defendant, then it becomes a pretrial matter, as this is considered serious misconduct warranting judicial review for dismissal of the case. Therefore, the defendant again strictly requests the Court not to misinterpret this motion as an impeachment claim, but rather as a pretrial matter for prosecutorial misconduct, as the defendant's claim is not speculative but objective and based on undisputed evidence. If the Court continues to deny its obligation to investigate and review the incident of prosecutorial misconduct during the grand jury proceedings, then the defendant reserves his right to seek mandamus relief.

## SUPPLEMENTAL EVIDENCE

Defendant respectfully submits the government discovery #BCBS_002-006630 as an exhibit as undisputed evidence to prove that the government knowingly and falsely misled the grand jury during Dr. Fish and Special Agent Dana Johnson's grand jury testimony. This file contains BCBS claim data ranging from 2014 through 2019 in Excel format, which contained complete treatment history of Dr. Fish during the year 2014, including date, place, detailed medical procedures, amount billed to BCBS, and paid amount from BCBS for treatment of Dr. Lim, Dr. Lim's family member, and Vasily. The government and Dr. Fish, through grand jury testimony, indisputably told the grand jury that Dr. Fish never treated those individuals, not even on a single occasion during the year 2014. Dr. Fish also testified that during the year 2014, he was the only doctor rendering treatment to all patients, handling all claim submissions himself, and that Dr. Lim was not even working at Motu during the year 2014. The data also contains the exact dates of payment issued for each date of treatment to Dr. Fish. Therefore, it will be filed with the court properly through his standby counsel for the

3

court's judicial review. This data serves as proof of outrageous prosecutorial misconduct using false testimony, which has been known to them for years before the grand jury testimony of Dr. Fish.

If the Court ignores this clear and blatant misconduct by prosecutors, the Defendant will immediately challenge this through an emergency writ of mandamus. Defendant therefore respectfully requests dismissal of the indictment with prejudice.

Respectfully submitted,

/s/ Dr. Seung H. Lim
Dr. Seung H. Lim

4